Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment recovered by Rucker in an action brought by him against Kibby for a criminal conversation with bis wife.
The trial was bad upon the general issue, and a verdict having been returned against Kibby, he moved tile court for a nevy trial, upon the ground of Rucker having failed ⅛ prove a marriage in fact, and upon the ground of the verdict being against evidence; but his motion was overruled, and *392 the oniy question presented for the determination of thí¿ courii involves the propriety of the decision of the court below in refusing to award a new trial?
Hughes for plaintiff in error.
In an action for crim. can saSe" to ’a recovery that he should prove * general repute of such mam-sufficient&emdash;* Vide Peake’s evidence, pa
On the trial of the isáué joined, before Rucker could be entitled to recover, it unquestionably, according to the set-tied doctrine of the common law, devolved upon him t* prove a marriage in fast, between him and the woman, with whom the criminal conversation is aliedged to have taken place. ■
- In this Rucker appears, however, from the record, td have totally failed. . From the statement of the judge, con-*n Ihe of exceptions, it is true, the witnesses, whilst giving their evidence, is said to have spoken of the marriage as a matter not contested, and in ordinary cases where the same strictness in relation to the proof of a mar-r*age ⅛ not observed, that description of proof might be Sufficient; but in arcase like the present, where, in contradistinction to evidence ofreputation, or the confessions of R*e persons passing for man and wife, a marriage in fact must be proven, the circumstarice of the witnesses having spoken of the marriage as though it were not contested, cannoft have authorised the verdict.
And if the evidence were insufficient, surely the failure of the parties, as the judge states them to have done, to examine those witnesses as to the actual marriage, when bv the issue such a marriage should have been proven, cannol have dispensed with the necessity of such evidenced
The judgment must be reversed with cost, the cause remanded, and farther proceedings had, not inconsistent wi# this opinion.

Absent, Judge Logajt.